UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MATTHEW WARCIAK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | |
| ONE, INC., a Delaware corporation, | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL OF ACTION (28 U.S.C. §§ 1332, 1441, & 1453)

TO PLAINTIFF, HIS ATTORNEYS-OF-RECORD, AND THE CLERK OF THE ABOVE CAPTIONED COURT:

PLEASE TAKE NOTICE that One, Inc. ("Defendant") hereby removes the above-captioned action from the Circuit Court of Cook County, Illinois in which it is now pending, to the United States District Court for the Northern District of Illinois. This civil action is removed on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. For the reasons set forth herein, this Court has original jurisdiction over this action since Plaintiff's claim concerns the Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 277. *Mims. v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 748 (2012) ("Because federal law creates the right of action and provides the rules of decision, [Plaintiff's] TCPA claim, in 28 U.S.C. § 1331's words, plainly 'aris[es] under' the 'laws . . . of the United States.'"). This Court also has supplemental jurisdiction over Plaintiff's Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq*.) ("ICFDPA") because this state law claim "derive[s] from a common nucleus of operative fact" as the TCPA claim. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir.

2014); *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). To satisfy the requirements of § 1367, "[a] loose factual connection between the claims is generally sufficient." *McCoy*, 760 F.3d at 683.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On June 13, 2016, Matthew Warciak ("Plaintiff") filed a complaint against One, Inc. in the Circuit Court of Cook County, Illinois entitled *Matthew Warciak v. One, Inc.*, Case No. 2016-CH-07881 (the "Complaint"). The Complaint asserts two causes of action, one based on violation of the TCPA and one based on violation of ICFDPA.

2. One, Inc. was first served with a summons and complaint in the state court action on June 22, 2016. A true and correct copy of the Complaint is attached hereto as Exhibit A, and is incorporated fully herein by this reference. A true and correct copy of the summons served on One, Inc. is attached hereto as Exhibit B.

3. This Notice of Removal is timely because it has been filed within thirty days of when One, Inc. was simultaneously served with the summons and Complaint. *See* 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 346 (1999) ("[I]f the summons and complaint are served together, the 30-day removal period runs at once.").

## PLAINTIFF'S ALLEGATIONS SUPPORTING REMOVAL

4. Plaintiff alleges that he received an unsolicited text message advertisement from One, Inc. on March 27, 2012. (Compl. ¶30.)

5. Plaintiff alleges that by using automatic telephone dialing systems to send the message to his cellular phone without his consent, One, Inc. violated the TCPA. (Compl. ¶31.)

6. Plaintiff seeks to recover $500 for each violation of the TCPA, as well as attorneys' fees, costs, treble damages, and other remedies he claims are allowed by the TCPA. (Compl. ¶48 and Prayer for Relief.)

7. Plaintiff incorporated all the factual allegations supporting the TCPA claim into the claim based on violation of the ICFDPA. (Compl. ¶¶50.)

8. This Court has original and supplemental jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1367, since one asserted cause of action in the Complaint arises under federal law and the other "derive[s] from a common nucleus of operative fact." *See Mims*, 131 S. Ct. at 748 (holding federal law creates the right of action for TCPA claims because such claims plainly arise under the laws of the United States); *United Mine Workers*, 383 U.S. at 725. The instant action, in its entirety, is properly removable, pursuant to 28 U.S.C. § 1441(a).

## JOINDER OF DEFENDANTS

9. One, Inc., is the only named defendant.

## NOTICE TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

10. Contemporaneously with the filing of this notice in the above-captioned court, and pursuant to 28 U.S.C. § 1446(d), One, Inc. is filing a true and correct copy of this Notice of Removal of Action with the clerk of the Circuit Court of Cook County, Illinois.

Dated: July 21, 2016                                JEFFREY T. NORBERG

/s/Jeffrey T. Norberg
Jeffrey T. Norberg (6315012)

NEAL & MCDEVITT, LLC
JEFFREY T. NORBERG (6315012)
jnorberg@nealmcdevitt.com
1776 Ash Street
Northfield, IL 60093
Telephone: (847) 881-2468
Facsimile:  (847) 441-0911

COOLEY LLP
SCOTT D. DAILARD (*pro hac vice forthcoming*)
(sdailard@cooley.com)
DARCIE A. TILLY (*pro hac vice forthcoming*)
(dtilly@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone:   (858) 550-6000
Facsimile:   (858) 550-6420

Attorneys for Defendant ONE, INC.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of NOTICE OF REMOVAL was filed electronically with the Clerk of the Court using the CM/ECF system, and mailed via first class U.S. Mail to the Plaintiff's attorney at the following address:

> Benjamin Richman
> Edelson PC
> 350 North LaSalle Street, 13th Floor
> Chicago, IL 60654

Dated: July 21, 2016 /s/ Jeffrey T. Norberg